The next case on the calendar is United States v. Shulter. Good morning, your honors. May it please the court, although I think it might be afternoon by now, but I don't have my watch on. You've got five minutes. Okay. May it please the court. My name is Jillian Harrington and I represent Michael David Schluter on this direct appeal to this court. I did not represent Mr. Schluter in the district court below. I was assigned by the court for the direct appeal. As this court, of course, is aware, we presented three issues for review by the court. The first issue is whether the district court erred in admitting the redacted version of a transcript of a state court guilty plea proceeding that Mr. Schluter had participated in and where he admitted to a course of conduct. And it's kind of intertwined also with point two, which deals with the referral by the government to that, those admissions in their summation. Turning to the first point, it's important to keep in mind what happened in the state court. And what happened was Mr. Schluter admitted to engaging in oral sexual conduct and sexual intercourse with his stepdaughter. The charges that we had here in federal court involved the production and possession of pornographic photographs of the stepdaughter and transportation of the stepdaughter across state lines allegedly for the purpose of engaging in sexual conduct with the minor. Why is that history that he admitted to of having sexual relations with the victim relevant to his intent in taking her along on the trip? Well, the district court actually dealt with this issue twice. The first time he addressed it, he found that it was not relevant to the transportation charge because there was no admission during the state court proceeding that had anything to do with the transportation. In fact, in order for it to be a state court issue, it had to be conduct that was committed within the confines of New York State. So the court felt- under Rule 404B are relevant to questions- may be relevant to questions of intent. So I'm a little puzzled. This was clearly not an admission to the crimes that are charged in this offense. But that's true when there's some evidence that somebody admitted to or was convicted of drug dealing on some other occasion than the occasion that's at issue in a trial, and the evidence is sometimes admitted as going to the question of intent with respect to otherwise ambiguous acts with respect to the crime that's charged. So I'm not sure why the fact that the admission is not, yes, I'm guilty of transporting with intent to have sex, is to the point. I'm not sure if I'm getting Your Honor's point. Is it that whether it's relevant to count three, which was the transportation issue? That's one of the- I mean, the judge didn't initially say it was relevant to the other charges but not to that one, and I'm not sure that even that's correct. Not correct in the sense that it should have been relevant to all of them? Yeah. Why isn't it relevant to- explain to me why it isn't relevant to the intent of the transportation. Well, because the reason that the government was presenting- I'm trying to think of the best- I mean, the girl testifies that they did have sex on this trip. Yes, she did.  One is, do we believe this or not? And more arcanely, a question of, well, maybe they did have sex once they got there, but was that the intent with which he took her on the trip? And it would seem to me a perfectly good argument for the government that he admits that he was having sex with her on a regular basis during this period, and doesn't that lead to an inference that that was part of the purpose of taking her along on this trip? That's what the government said. Yeah, so what's wrong with that? Why is that not a perfectly valid basis for offering this evidence under Rule 404? Well, I think that we have to take it then to the next step, which is the prejudice versus prohibitive value, and how when we take it too far, basically the argument that defense counsel made at the time at trial, and I would argue that that's a valid argument and should be continued here, is that once the jury heard that, it was over. Well, maybe it's over because that's highly relevant and probative, not because it's prejudicial. It's not like he's admitting that the government is offering evidence that he pled guilty to having sex with some other young person, and that would otherwise not come in, and, oh, my God, if he did it the other time, he must have done it this time, or evidence of something that's more shocking or disgusting or prejudicial than what the girl testifies he did in this case. So why is it so prejudicial that he admitted to the conduct, the kind of conduct that she is accusing him of here, during the very period that she's saying this trip took place and he did it? But just because, you know, the government doesn't get to argue that just because he did it before, he definitely did it again. Just because he did it with this particular complainant. With Rule 412 and Rule 404, I mean, your client's position at trial was that the minor had a motive to lie, was not testifying truthfully, and then just in a straight Rule 404 analysis, it seems to me it would be highly probative on the question of the intent in crossing state lines, given the position of your client at trial, the defense. And then that's even before you get to 412, which we haven't talked about. Right, and if you highly probative, there's often evidence that may be highly probative of guilt, but when you get to the unduly prejudicial portion of what a district court is required to do, and in this particular case where you have, as Your Honor had mentioned, this is not a case with a different victim. This is a case with the same victim, which arguably makes it even more prejudicial because the jury very easily could have said to themselves, the jurors could have said to themselves, well, if he did it to her on another occasion, he must have done it to her on this occasion. Once he says that she's making this all up when he's already admitted it, why does that not open the door to that testimony? Well, he didn't testify to that. No, no, well, once the argument is made, once there's an attack on her credibility, that this never happened. Because we're still talking about different incidents. In fact, you know, if we intermingle it with point two, the government stood up and said, you know, he admitted to this conduct, which we know is not true. He did not admit to taking photographs. Well, but the government is cut off at that point after the summation before the prosecutor gets to explain what she meant, and even taking the most negative view of it, the court then gives a curative instruction and says you can't disregard that remark and warns the prosecutor in such a way that she never reverts to that evidence. So, you know, that's the summation issue. That's a different issue. Yes, but I think that in reading the transcript and when I was reading the cold record, which of course is always difficult for an appellate attorney or an appellate judge because you're not in the courtroom, you don't see their attitude, you don't see their facial expressions, to me it became a symbol of what the government was trying to prove, which was that he admitted to this conduct in state court, so here we are, he must simultaneously be admitting to what he did here, and that simply was not the case. Am I correct, and I just want to make sure I understand the record, the district court ultimately determined that the evidence would come in on counts one and two and not three, and that position remains the position of the court, right? That was the district court's position, but the jury was never instructed. No, the matter was just sort of dropped. Yes, yes. And that's the basis for your ineffective assistance claim. Absolutely, because as Your Honor noted, at first when the issue was addressed, he said, no, it can't come in on count three, and I guess the government at that time didn't realize, well, hey, I could have made the argument that it was one and two, maybe during a break, they said. The question I have is that if it, given what you've said happened, but still if it was admissible on count three, notwithstanding the fact that the district judge got it wrong, how is it a problem if it could have come in on count three, the fact that there wasn't a limiting instruction? How is it a problem for our point three, for the ineffective assistance? Doesn't that answer your argument that, you know, they all said it's one and two, and it's not going to come in on three, and then the lawyer dropped the ball by not getting the instruction, and the other side comes in and says, well, yes, but the judge was wrong in saying it's inadmissible on one and two. It could come in on three as well for the reasons that have been discussed here, rule 404 for intent. And then under those circumstances, I don't see how this is, this mistake matters. Well, if under those particular circumstances the court finds that the evidence was inadmissible on counts one, two, and three, then yes, I would have to unfortunately agree with the court that. The sentences were concurrent, right? Yes. And so even if we were to vacate three, it wouldn't alter the sentences. Yes, Your Honor, that's true. That's true. I see my time is up. If Your Honors have no further questions, I'll rely on my brief. Thank you. Good morning. Frank Pimentel for the United States. May it please the court. The questioning of the court is kind of drilled down to the issues that I wanted to raise with the court with respect, first of all, to the first point, the prior admissions. It's an abuse of discretion standard. And there wasn't a lot of talk. There was a lot of talk about 404. Your Honor. I said 412. It would be 414. 414, correct. And I'd like to read that. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. But he didn't commit any other child molestation, did he? Because she's not a child within the definition of the rule. She was under 16, Your Honor. Yeah, but she has to be under 14 under the rule, right? Rule 414D, definition of child. Child means a person below the age of 14. Definition of child molestation. Child molestation is any conduct prohibited by Chapter 109A and committed with a child. Contact with any part of a defendant's body and a child's genitals or anus. Is this sort of driving home that child for purposes of this rule is more specific than not of age of consent under the relevant state law? In this case, Your Honor, the molestation began at age 11. But the evidence that's being offered, is the evidence that's being offered relating to that time period? No, and as a matter of fact, the district court took that out. Took that out, right. Redacted that from the admission. That's too prejudicial. So that the jury would not be, to eliminate even a hint of unfair prejudice, so to speak. I want to be clear, by the way, we're talking about timing, what the times were here. I think that the production was in 2008, that's the first count. Correct. And so, and the possession the same. And then the transportation of the minor was in 2007. Correct. June of 2007. And then the testimony that was admitted, not the entire testimony that might have been admitted. But the testimony that was admitted was in 2008, right? Correct. So, the intent in the 2008 testimony about having sex with her, to the extent that's being offered to show intent in 2007, is a little different then. There wasn't prior testimony that, there wasn't testimony encompassing 2007, as far as the outside statement was concerned. Well, that was, again, that was redacted. The actual admission that was made in court goes way back. Yeah. It starts at age 11. Right. But the district court parsed that out. Right. To sort of eliminate the specter of unfair prejudice. The district court was confining it to counts one and two. Because the district court was focusing on the timing of the statement. The time period that encompassed counts one and two, but didn't go back to 2007. Correct. But I would go back, and I would agree with the court's observation during questioning of opposing counsel, that the court might well have, and I would argue should have, found that it was relevant to count three as well. It was probative of his intent to take her across state lines. I think that would have been well within his discretion to determine that. No, it was a year later. That's my only question. The statement that was admitted was a year later, and so that's what we're looking at. The narrow statement that was admitted, the timing of that in relation to the transporting of it across state lines, which was a year earlier. Right. I guess what I'm saying is I think the district court was more careful than he necessarily needed to be on this. I think it would have been within a district court's discretion to let it all in. Because this was one course of conduct that Schluter engaged in with the stepdaughter over five years, and it was all probative under 414. Well, what you're arguing essentially is that because he intended it, because the intent was in 2008, then that period of his admission, that we can infer back that he had the same intent in 2007. Correct. With respect to the second point of the defendant's argument, the summation issue, again, from the questioning of the court, my own reading of what happened was similar to some of the questions that were inferred by or implied by the questioning of the court, that is that the prosecutor was cut off here. She was attempting to explain what she was doing, and again, out of what I would describe as an abundance of caution, the district court cut her off, instructed the, reminded the jury that argument of counsel was not evidence, and then after the sidebar, instructed the jury again that disregard the last statement by counsel, give it no consideration whatsoever, it would be inappropriate to give it any weight whatsoever. I think that was more than sufficient, arguably more than what Schluter was entitled to, and removed completely the specter of any prejudice or unfair prejudice from the statement. Moreover, again, it was, in my reading of the record, it was ambiguous. When she said that he admitted the conduct, she did not say he admitted that it was him in the photo. She said he admitted the conduct, and I think at worst, that was an ambiguous statement, and the Supreme Court, in a case that we cited at page 24 of our brief, has instructed that this court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning, and I think that's what happened here, is that there was an assumption that what the prosecutor said, that the counsel and the district court sort of inferred the most damaging reading of what she said, and went accordingly. I don't think that this court should go beyond that. And again, as Your Honor mentioned, the government did not return, the prosecutor did not return to the topic again after that. I would also note that Mr. Schluter does not argue insufficiency of the evidence, so I think that to the extent that there was any error by the prosecutor here, it's very difficult to show that there was any prejudice resulted from it. With respect to the ineffective assistance claim, I just don't see that trial counsel was ineffective for Mr. Schluter. Aside from the claim is limited to the count three issue, and the failure to request a limiting instruction. Even as removing the admission of Mr. Schluter from the evidence, you're still left with the victim's testimony in court, the corroborating evidence of the trip to Connecticut, the receipts and so forth, the testimony of the hotel personnel, the photographs, and all of that together was sufficient to establish Mr. Schluter's guilt on count three. It also may have been, even though it seems as if the district court's ruling meant that the defense counsel could have asked for the instruction as to count three, since it hadn't been admitted on count three, but you might have made the strategic call, I just don't want that instruction, I'll just bring it up again. Right. So, and Mr. Schluter has not pointed to anything demonstrating that the district court was required to give a limiting instruction beyond what it did. So for all those reasons, we would ask that this court affirm the district court's judgment. Thank you. Thank you both. That is the last case on the calendar this morning, now afternoon, and I will ask that the clerk adjourn court. Court is adjourned.